## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVID WILKERSON, No. N-63615,     )
           )
       **Plaintiff,**     )
           )
vs.           )     CIVIL NO. 11-cv-265-MJR
           )
JAMES FENOGLIO, LEE RYKER,     )
MR. HURFORD, JR., SHERRY     )
BENTON, and ROGER E. WALKER,     )
JR.,           )
           )
       **Defendants.**     )

## <u>MEMORANDUM AND ORDER</u>

**REAGAN, District Judge:**

       Plaintiff David Wilkerson, an inmate in Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on events that occurred while Plaintiff was housed at Lawrence Correctional Center ("Lawrence"). Plaintiff is serving 60 year sentences for aggravated criminal sexual assault and aggravated kidnaping, and 30 years for attempted aggravated criminal sexual assault. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

**The Complaint**

Plaintiff is paralyzed and confined to a wheelchair due to an injury that occurred prior to his incarceration. On October 16, 2008, he fell in the prison shower while trying to move from his wheelchair to a shower chair. He claims that the fall fractured his back. As a result, rods and pins from Plaintiff's previous back surgery became broken and a pin visibly protruded against the skin of his lower back (Doc. 1, p. 6). In addition to asserting Eighth Amendment claims for

deliberate indifference to his medical needs, Plaintiff seeks to pursue state law medical malpractice claims (Doc. 1, p. 5).

Defendant Fenoglio, the prison doctor, allegedly failed to provide medical treatment, provided inadequate treatment, and delayed proper treatment after Plaintiff's fall until May 30, 2009. It appears that Plaintiff then had "back fusion surgery" to repair the damage (Doc. 1, p.8). Due to the delay and denial of treatment, Plaintiff claims he suffered severe pain, permanent nerve damage, was unable to exercise or bend over, and could not sleep, sit, or lie on his side for long periods. He also claims he lost feeling and bowel and bladder control (Doc. 1, p. 6).

Plaintiff was taken to an outside hospital for an examination by Defendant Hurford, an orthopedic specialist at Carle Hospital, on November 17, 2008. Plaintiff claims that Defendant Hurford refused to give Plaintiff pain medication or a back brace, despite an x-ray showing that Plaintiff had a broken back. As with Defendant Fenoglio, Plaintiff faults Defendant Hurford for the delay and failure to treat his condition until May 30, 2009 (Doc. 1, p. 7).

Plaintiff asserts that Defendants Ryker (Warden of Lawrence) and Walker (Director of the Illinois Department of Corrections, "IDOC") prevented him from obtaining timely medical care when they denied his grievances. Defendant Benton (of the Administrative Review Board) also made a decision that denied him medical treatment (Doc. 1, pp. 7-8).

Finally, Plaintiff claims he is being denied access to the prison law library (Doc. 1, pp. 5, 9).

**<u>Discussion</u>**

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into three (3) counts. The parties and the Court will use these designations in all future

pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1 - Deliberate Indifference to Serious Medical Needs**

Generally, an inmate's dissatisfaction with the medical care he receives in prison does not state a constitutional claim for deliberate indifference to medical needs, even if the quality of care was substandard to the point of negligence or malpractice. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001); *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996). However, in certain instances, a constitutional claim may lie if a prison official's actions amount to a failure to treat a serious medical condition.

> To prevail on an Eighth Amendment claim, a plaintiff must show that the responsible prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Dunigan ex rel. Nyman v. Winnebago Cnty.*, 165 F.3d 587, 590 (7th Cir. 1999). Deliberate indifference involves a two-part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.

*Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000). However, the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm . . . . Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer*, 511 U.S. at 842.

The Seventh Circuit considers the following to be indications of a serious medical need: (1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain;" (2) "[e]xistence of an injury that a reasonable doctor

or patient would find important and worthy of comment or treatment;" (3) "presence of a medical condition that significantly affects an individual's daily activities;" or (4) "the existence of chronic and substantial pain." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). In addition, a condition that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention is also considered a "serious" medical need. *Id.*

Plaintiff alleges that the failure to treat his back injury resulted in ongoing pain as well as nerve damage and loss of bodily functions. Fromm Plaintiff's perspective, the protruding rods or pins indicated a need for medical attention, and the injury purportedly affected his daily activities in several respects. These allegations suffice to meet the objective showing that Plaintiff had a serious medical condition. The remaining question is whether he has sufficiently alleged deliberate indifference on the part of the various Defendants.

To show deliberate indifference, a prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and must actually "draw the inference." *Farmer,* 511 U.S. at 837. The Seventh Circuit's decisions following this standard require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. *See Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir. 2000) (officers were on notice of seriousness of condition of prisoner with ruptured appendix because he "did his part to let the officers know he was suffering"). The Circuit also recognizes that a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). Nor will an inmate's disagreement with a doctor's course of treatment state a constitutional claim. *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003); *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001) (courts will not take sides in disagreements with

medical personnel's judgments or techniques). However, a plaintiff inmate need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur. *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002) (discussing *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996)).

A delay in providing medical treatment "may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) (discussing *Estelle v. Gamble,* 429 U.S. 97, 104-05 (1976); *Gayton v. McCoy,* 593 F.3d 610, 619 (7th Cir. 2010); *Edwards v. Snyder,* 478 F.3d 827, 832 (7th Cir. 2007) ("a plaintiff's receipt of *some* medical care does not automatically defeat a claim of deliberate indifference if a fact finder could infer the treatment was 'so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate' a medical condition")). The Seventh Circuit has also found that an Eighth Amendment claim may be stated where a prison doctor persists in a course of treatment known to be ineffective, fails to order further testing or refuses to refer the inmate to a specialist. *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005) (doctor continued ineffective treatment, and refused to order endoscopy or specialist referral over a two-year period during which plaintiff suffered from ulcer).

**Defendant Fenoglio**

Plaintiff alleges that Defendant Fenoglio, the prison doctor, delayed proper treatment of Plaintiff's back injury for over six months – from his fall in October 2008 to May 2009, when he had surgery. Plaintiff also states that Defendant Fenoglio provided "grossly incompetent, inadequate treatment" (Doc. 1, pp. 5, 6). During this time, Plaintiff suffered pain and permanent loss of bodily functions. From these allegations, it is not clear whether the treatment provided by Defendant Fenoglio was medically reasonable, amounted to mere negligence or malpractice, or

whether the delay in Plaintiff's surgery amounted to a constitutional violation.  Therefore, the deliberate indifference claim against Defendant Fenoglio shall proceed.

**Defendant Hurford**

Plaintiff states that he was examined by Defendant Hurford, an orthopedic specialist, on November 17, 2008, at the Spinal Cord Institute of Carle Memorial Hospital, where Defendant Hurford practiced (Doc. 1, pp. 6-7).  Plaintiff does not indicate that Defendant Hurford saw or treated him on any other occasion.  Plaintiff complains that Defendant Hurford could have admitted him to the hospital for treatment, but instead Plaintiff was sent back to Lawrence Correctional Center.  Further, he states that Defendant Hurford reviewed x-rays showing that Plaintiff had a broken back, but gave him no treatment for the fracture or for his pain.   Plaintiff alleges that Defendant Hurford has a contract with the Illinois Department of Corrections (Doc. 1, p. 2).

Whether or not Defendant Hurford, a private physician, can be considered a "state actor" is a key factor in determining whether Plaintiff can maintain a deliberate indifference claim against him.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822-30 (7th Cir. 2009).  A plaintiff cannot proceed with a federal claim under § 1983 against a non-state actor. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Gayman v. Principal Fin. Servs., Inc.*, 311 F.3d 851, 852-53 (7th Cir. 2003).  At this stage of the litigation, Plaintiff's claim of a contractual relationship between Defendant Hurford and the IDOC must be taken as true, and the existence of such a contract could establish § 1983 liability.  *Rodriguez*, 577 F.3d at 827, 831-32; *see also West v. Atkins*, 487 U.S. 42 (1988).

As with Defendant Fenoglio, it is not possible at this stage to determine whether Defendant Hurford rendered reasonable care or negligent care (neither of which states a § 1983

claim), or was deliberately indifferent to Plaintiff's serious medical condition. Accordingly, the claim against Defendant Hurford is not subject to dismissal at this time.

**Defendant Benton**

Defendant Benton, of the IDOC Administrative Review Board, is not a medical provider (Doc. 1, p. 2, 9). If her role was simply to review Plaintiff's grievances over the medical care rendered by the physician Defendants, then no liability would arise on her part. *See Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) (the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim"). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).

However, Plaintiff appears to allege that Defendant Benton made a medical decision that denied him treatment for his broken back (Doc. 1, p. 8). He thus indicates that she may have had a decision-making role in determining what treatment Plaintiff would receive, beyond the mere review of grievances. If Plaintiff can establish that Defendant Benton denied or disapproved necessary treatment and that such action constituted deliberate indifference, liability could arise. *See McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010). Thus, the claim against Defendant Benton is subject to further review.

**Defendants Ryker and Walker**

Plaintiff fails to state a claim against Defendant Ryker, the prison warden, or Defendant Walker, the former IDOC director, for deliberate indifference to his medical needs. These Defendants had no direct role in the provision of medical care to Plaintiff, *see Owens*, 635 F.3d at 953, and there is no supervisory liability in a § 1983 action. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (doctrine of

respondeat superior does not apply to § 1983 actions). Plaintiff's direct communication to these Defendants by way of his emergency grievances does not change this basic rule or create any liability for either Defendant's failure to personally remedy his problem. *Burks*, 555 F.3d at 595.

Plaintiff's contention that Defendants Ryker and Walker delayed his medical treatment by denying his grievances is also without merit. Plaintiff has no constitutional right to have his grievances resolved in his favor. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (plaintiff's argument that conspiracy by prison officials to deny administrative review of his grievances by dismissing them was frivolous where plaintiff had access to the grievance procedure but he did not obtain the outcome he desired).

For these reasons, the claims against Defendants Ryker and Walker shall be dismissed with prejudice.

**Count 2 - Medical Malpractice**

Plaintiff also brings claims of "medical malpractice" against Defendants Fenoglio and Hurford, based on the same conduct detailed above (Doc. 1, p. 5). Where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.,* 72 F.3d 1294, 1299 (7th Cir. 1995)). While this Court has supplemental jurisdiction over these state-law claims pursuant to 28 U.S.C. § 1367, this is not the end of the matter.

Under Illinois law, a Plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," must file an affidavit along with the complaint, declaring one of the following: 1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); 2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or 3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records). *See* 735 ILL. COMP. STAT. §5/2-622(a) (as amended by P.A. 90-579, effective May 1, 1998).[1]  A separate affidavit and report shall be filed as to each defendant. *See* 735 ILL. COMP. STAT. §5/2-622(b).

Failure to file the required affidavit is grounds for dismissal of the claim. *See* 735 ILL. COMP. STAT. § 5/2-622(g); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000).  However, whether such dismissal should be with or without prejudice is up to the sound discretion of the court. *Sherrod*, 223 F.3d at 614.  "Illinois courts have held that when a plaintiff fails to attach a certificate and report, then 'a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend her complaint to comply with section 2-622 before her action

---

[1] P.A. 94-677, effective August 25, 2005, which amended 735 ILL. COMP. STAT. §5/2-622(a) and other portions of the Illinois statute governing health care and medical malpractice actions, was held to be unconstitutional in its entirety in *Lebron v. Gottlieb Mem. Hosp.*, 930 N.E.2d 895 (Ill. 2010).  As a result of *Lebron*, the previous version of the statute is now in effect.  *See Hahn v. Walsh*, 686 F. Supp. 2d 829, 832 n.1 (C.D. Ill. 2010).

is dismissed with prejudice.'" *Id.*; *see also Chapman v. Chandra*, 2007 WL 1655799 *4-5 (S.D. Ill. 2007).

In the instant case, Plaintiff has failed to file the necessary affidavits as to his claims against Defendants Fenoglio and Hurford. Therefore, the claims in Count 2 are subject to dismissal. However, Plaintiff shall be allowed 35 days to file the required affidavits. Should Plaintiff fail to timely file these affidavits, Count 2 shall be dismissed without prejudice. *See* Fed. R. Civ. P. 41(b).

**Count 3 - Access to Law Library**

Finally, Plaintiff states that he does not have "personal access to the law library (or) enough time to study, research before filing meaningful legal documents" (Doc. 1, p. 5, 9). However, Plaintiff successfully filed the instant lawsuit, and does not describe any detriment to his ability to prosecute this or any other case. Moreover, he does not identify which, if any, of the named Defendants are allegedly responsible for the claimed deprivation.

> [T]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed.

*Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). A prisoner's complaint must "spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Id.*

Where the record shows that an inmate has filed motions and pleadings with the court, and cannot show any hindrance to his ability to pursue a meritorious claim, a claim cannot be maintained for denial of access to the court. See *United States v. Sykes*, 614 F.3d 303, 311 (7th Cir. 2010) (finding no deprivation of court access when defendant filed three motions to

dismiss).  Furthermore, Plaintiff's complaint has sufficiently stated a claim against several Defendants under Federal Rule of Civil Procedure 8(a)(2), which simply requires a "short and plain statement of the claim showing that the pleader is entitled to relief."

Plaintiff does not make a single allegation which would describe an actual or potential limitation on his access to the courts.  Accordingly, this claim shall be dismissed with prejudice.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 3** fails to state a claim upon which relief may be granted, and thus is **DISMISSED** with prejudice.  Defendants **RYKER** and **WALKER** are **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that as to the medical malpractice claims in **COUNT 2** against Defendants **FENOGLIO** and **HURFORD**, Plaintiff shall file the required affidavits pursuant to 735 ILL. COMP. STAT. §5/2-622, within 35 days of the date of this order (on or before February_____, 2012).  Should Plaintiff fail to timely file the required affidavits, **COUNT 2** shall be dismissed without prejudice.

Because Plaintiff has not sought or been granted leave to proceed *in forma pauperis* in this action, the Court will not automatically appoint the United States Marshal to effect service of process upon Defendants.  Instead, it is Plaintiff's responsibility to have Defendants **FENOGLIO, HURFORD,** and **BENTON** served with a summons and copy of the complaint pursuant to Federal Rule of Civil Procedure 4.  The Plaintiff is advised that only a non-party may serve a summons.  FED. R. CIV. P. 4(c)(2).  The Court recognizes that as Plaintiff is incarcerated in a different institution from the location where his claims arose, he may have difficulty effectuating service within the 120 day time limit imposed by Federal Rule of Civil Procedure 4(m).  If Plaintiff desires to request the appointment of the United States Marshal to serve

process on the Defendants, Plaintiff shall file a motion for service of process at government expense, within 35 days of the date of entry of this order (see date certain above). The Clerk of Court is **DIRECTED** to mail to Plaintiff the Court's Pro Se Litigant Guide, containing forms and instructions for filing said motion.

The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons for Defendants **FENOGLIO, HURFORD,** and **BENTON**. The Clerk shall forward the summonses and sufficient copies of the complaint and this Memorandum and Order to Plaintiff so that he may have Defendants served.

Plaintiff is **ORDERED** to serve upon Defendants or, if an appearance has been entered by counsel, upon that attorney, a copy of every pleading or other document submitted for consideration by this Court. Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to each defendant or defendant's counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, if the United States Marshal is appointed to serve process pursuant to a motion by Plaintiff, the employer shall furnish the United States Marshal with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for effecting service of process. Any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file or disclosed by the Marshal.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of

prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 1/17/2012**

       **__ s/ MICHAEL J. REAGAN____**
          **U.S. District Judge**